**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VACLAV TRNKA, AKA Vaclav Trnkabrnka, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73397 <br><br> Agency No. A099-762-678 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Vaclav Trnka, a native and citizen of the Czech Republic, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo due process challenges, *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny the petition for review.

Although he makes general arguments in support of his asylum claim, Trnka does not challenge the agency's dispositive determination that his asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Thus, we deny the petition as to Trnka's asylum claim.

As to withholding of removal, substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding his alleged kidnapping, the harm to his mother, and not timely-filing his asylum application. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances). Trnka's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Trnka's withholding of removal claim fails. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence also supports the agency's denial of Trnka's CAT claim because it is based on the same testimony found not credible, and he does not point to any other evidence that compels the finding that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of the Czech Republic.   *See Shrestha*, 590 F.3d at 1048-49.

Finally, we reject Trnka's contention that inadequate interpretation deprived him of a fundamentally fair hearing.   *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) ("To establish a due process violation, a petitioner must show that defects in translation prejudiced the outcome of the hearing.").

**PETITION FOR REVIEW DENIED.**